**Keim YATES, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

**No. 87–CA–703–DG.**

Court of Appeals of Kentucky.

April 1, 1988.

Benjamin J. Lookofsky, Lookofsky & Null, Mayfield, for appellant.

David L. Armstrong, Atty. Gen., Lana Grandon, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, LESTER and McDONALD, JJ.

LESTER, JUDGE.

This is an appeal from a judgment of the circuit court affirming a district court order and holding that KRS 525.080 is constitutional.

Keim Yates pled guilty to the charges of making harassing communications in order to file this appeal to test the constitutionality of KRS 525.080. Since that is the only issue Yates raises on appeal, the facts surrounding the case are of little significance and will not be discussed.

Appellant questions the constitutionality of KRS 525.080 which states:

(1) A person is guilty of harassing communications when with intent to harass, annoy or alarm another person he:

(a) Communicates with a person, anonymously or otherwise, by telephone, telegraph, mail or any other form of written communication in a manner which causes annoyance or alarm and serves no purpose of legitimate communication; or

(b) Makes a telephone call, whether or not conversation ensues, with no purpose of legitimate communication.

(2) Harassing communications is a Class B misdemeanor.

Appellant contends that this statute is the same as KRS 525.070, except for the manner in which the harassment is conveyed. KRS 525.070(1)(b) was held unconstitutional in *Musselman v. Commonwealth*, Ky., 705 S.W.2d 476 (1986), by the Kentucky Supreme Court which ruled that the statute was "unconstitutionally vague and overbroad" and that "the judiciary lacks power to add new phrases to a statute to provide a new meaning necessary, to render a statute constitutional." Yates likewise argues that KRS 525.080 is unconstitutionally vague and overbroad and contains no narrowing language or definitions to help interpret its terms.

Appellant concedes that the statutes are different with respect to the manner in which the harassment occurs. However, this sole difference insulates KRS 525.080 from the ruling in *Musselman.* That case reversed the Court of Appeals which held KRS 525.070(1)(b) constitutional by limiting its application to words which constitute "fighting words" as described in *Chaplinsky v. New Hampshire*, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942). We do not have to "add" the phrase "fighting words" to KRS 525.080 to make it constitutional. In fact, due to the nature of this statute that phrase would be of no consequence.

■ KRS 525.080 pertains to telephone and written communication. It does not concern face to face communication in a public place where confrontations could arise, but rather it relates to protecting one's right to privacy. The First Amendment protects the right of free speech. However, there is a difference between communication in a public forum and the type which this statute regulates. This form of communication intrudes upon a justifiable privacy interest of the recipient and therefore, this right to communicate must be considered in light of a person's right "to be left alone." *Rowan v. United States Post Office Dept.*, 397 U.S. 728, 90 S.Ct. 1484, 25 L.Ed.2d 736 (1970). No individual whose intention is to annoy, alarm, or harass has the right to impose his ideas on an unwilling listener not in a public forum.

■ Appellant also argues that KRS 525.080 is unconstitutionally vague and overbroad. The fact that the statute is not limited to "fighting words" does not render it overbroad. As stated above, that phrase has no bearing on this statute. In addition, insulting or "fighting" words are not the only speech beyond the scope of the constitution; included are the libelous, the profane, and the lewd and obscene. *Chaplinsky, supra.* Regardless of that point, KRS 525.080 does not regulate speech but rather the intentional use of private communication to annoy, alarm, or harass the receiver which also serves no purpose of legitimate communication.

The statute is not overbroad nor does it prohibit legitimate free speech but rather it

punishes the manner used to convey the communication. KRS 525.080(1)(a) specifically states "in a manner which causes ..." and it does not even matter if any conversation ever ensues in (1)(b). It is the conduct that is controlled; the manner used which intrudes on an individual's right to be left alone and not the thoughts or ideas conveyed. Freedom of speech does not include freedom to convey messages when, where, and how one chooses. That right must be adjusted to the rights of others. *Breard v. Alexandria,* 341 U.S. 622, 71 S.Ct. 920, 95 L.Ed. 1233 (1951).

Appellant's argument that KRS 525.080 is unconstitutionally vague is likewise without merit. As the U.S. Supreme Court stated in *Colten v. Commonwealth,* 407 U.S. 104, 110, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972):

> The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited.

All parties should concede that it would be impractical to list in detail the types of harassment KRS 525.080 encompasses. Rather than attempt such a futile task the statute consists of two requirements which must be satisfied. First of all, the subject must have had the intention to "harass, annoy or alarm" the recipient and secondly, the contact must have "served no purpose of legitimate communication." Without having met both requirements no one can be convicted of the misdemeanor. The meaning of the statute is clear and provides reasonable opportunity to know what actions are prohibited.

Therefore, the statute is constitutional and the judgment is affirmed.

All concur.